# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2020-0102, <u>In re James D. Cook Revocable Trust</u>, the court on September 3, 2020, issued the following order:**

Having considered the brief and record submitted by the petitioners, Marianne Cook and Concord Trust Company, LLC, as co-trustees of the James D. Cook Revocable Trust, originally executed in 1970 and as amended on February 19, 2016, the court concludes that oral argument is unnecessary in this interlocutory transfer without ruling. <u>See</u> <u>Sup. Ct. R.</u> 9, 18(1).

The petitioners have initiated this uncontested action to modify the subject trust pursuant to RSA 564-B:4-416 (2019) to correct scrivener's errors. The beneficiaries agree that the trust should be modified to correct these errors so that the grantor's undisputed tax objectives are effectuated. For the reasons set forth in the petitioner's brief, Paragraph B.3.a. of Article III and Paragraph F. of Article V of the trust agreement are modified to read as follows:

Article III.

    B.

        3.

            a. <u>The Family Fund</u>.

                i. If the Grantor's spouse survives the Grantor and a federal estate tax is in effect at the Grantor's death, the Family Fund shall equal a sum equal to the largest amount that can pass free of federal estate tax under this Agreement by reason of any tax referred to in Code §2001(b)(2) and the applicable credit amount (unified credit) allowable to the Grantor's estate, but no other credit, and after taking account of the Grantor's adjusted taxable gifts and any reduction in them pursuant to Treas. Reg. §25.2701-5, and property passing outside of this Agreement (whether by the Grantor's will or otherwise) that is includable in the Grantor's gross estate and does not qualify for the marital or charitable deduction (and is not required to pay state death taxes), and after taking account of charges to principal that are not allowed as deductions in computing the Grantor's federal estate tax. In establishing the sum disposed of by this Section, the values finally determined in

the federal estate tax proceeding relating to the Grantor's estate shall be used. Any assets distributed in kind to satisfy such sum shall be valued at their date or dates of distribution values.

ii. The Trustee shall hold the Family Fund IN TRUST, under the terms and conditions described in Paragraph C. of this ARTICLE. The Grantor intends, by the foregoing provisions of this Paragraph defining the Family Fund, to create a formula pecuniary gift, and not a formula fractional share gift, and the Trustee shall, in allocating assets to the Family Fund, first select assets (or proceeds thereof) that do not qualify for the federal estate tax marital deduction.

Article V.

F.   Any Trustee serving hereunder may be removed, with or without cause, by the Grantor, if the Grantor is living and competent. Whenever the Grantor is not living or competent, the persons designated below (the "Removal Powerholder") shall have the power to remove the Trustee designated below, at any time and for any reason.

1.   During the lifetime of the Grantor's spouse, any Trustee of a trust being administered under Paragraph C. of ARTICLE III hereof (the Family Trust) or Paragraph D. of ARTICLE III hereof (the Marital Trust) may be removed by the Grantor's spouse, if she is competent, or if not, by her legal representative.

2.   Any Trustee of a trust being administered under Paragraph F. of ARTICLE III hereof (trusts for beneficiaries younger than 25) may be removed, at any time and for any reason, by the current beneficiary of the subject trust.  If any such beneficiary is a minor or not competent, such beneficiary shall be represented by his or her natural guardian, if any, otherwise by the guardian of his or her estate, if any, otherwise by his or her legal representative.

3.   The removal of a Trustee shall be accomplished by an instrument signed by the Removal Powerholder and mailed or delivered to such Trustee and the person(s) authorized to appoint a successor Trustee.  Such removal shall become effective only upon the written acceptance of a successor Trustee, if the vacancy caused by such removal is required to be filled.  Upon removal of any Trustee, a successor Trustee shall be appointed as provided in

2

Paragraphs B. and C. of this ARTICLE; provided, however, that if the Removal Powerholder is the person authorized to appoint a successor Trustee, then such successor Trustee shall not be the Removal Powerholder, or related or subordinate [within the meaning of Code §672(c)] to the Removal Powerholder (or the beneficiary that the Removal Powerholder represents, if applicable); and provided, further, that no Trustee shall take part in any decision to remove himself, herself or itself.

These modifications are retroactive to the date on which the trust was last amended, February 19, 2016.

So ordered.

Hicks, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**